NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| IBEW LOCAL NO. 269 PENSION FUND ET AL., | : : : : | |
| Plaintiffs, | : : | Civ. No. 09-2950 (GEB) |
| v. | : : : | **MEMORANDUM OPINION** |
| BREAKER ELECTRIC, INC., | : : | |
| Defendant. | : : | |

**BROWN, Chief District Judge**

This matter comes before the Court upon the motion of Plaintiffs IBEW Local No. 269 Pension Fund ET AL. ("Plaintiffs") for default judgment against Defendant Breaker Electric, Inc. ("Breaker"). [# 5] Breaker has not opposed Plaintiffs' present motion. The Court has decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Plaintiffs' motion will be granted.

I.   BACKGROUND

On June 17, 2009, Plaintiffs filed a complaint that alleged Breaker owed Plaintiffs $54,875.04 in delinquent pension fund contributions, liquidated damages, accrued interest and other fees. [# 1] Breaker never filed an answer to Plaintiffs' complaint. On July 29, 2009, the Clerk of the Court entered default against Breaker for failure to plead. Subsequently, on July 30, 2009, Plaintiffs filed the present motion for default and ask the Court to enter judgment against Breaker in the amount of $54,875.04. [# 5] As noted, Breaker has not opposed Plaintiffs' present motion.

**II.    DISCUSSION**

   **A. Legal Standard**

Default is governed by Federal Rule of Civil Procedure 55.  Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)."  *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted).  "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred."  *Super 8 Motels, Inc. v. Kumar*, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 at *7 (D.N.J. Apr. 1, 2008) (citation omitted).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  *Doug Brady*, 250 F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")).  "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort."  *Id.*  (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).

   **B. Appliction**

Applying this standard to the facts alleged in Plaintiffs' submissions, the Court determines that an entry of default is appropriate in this case because: (1) Breaker has not proffered and does not appear to have a meritorious defense to Plaintiffs' allegations; (2) Plaintiffs have suffered and will continue to suffer prejudice because of Breaker's failure to make the pension contributions at issue; (3) Breaker appears culpable for the conduct alleged in Plaintiffs' complaint.  As such, Plaintiffs' motion for default judgment against Breaker will be granted and judgment will be entered against Breaker in the amount of $54,875.04.

### III.    CONCLUSION

For the reasons noted above, Plaintiffs' motion for default judgment against Breaker will be granted, and judgment will be entered against Breaker in the amount of $54,875.04.  An appropriate form of order accompanies this memorandum opinion.

Dated: September 9, 2009

          /s/ Garrett E. Brown, Jr.
          GARRETT E. BROWN, JR., U.S.D.J.